UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BLAYLOCK,<br><br>　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>ORANGE COUNTY PROBATION DEPT.,<br><br>　　　　　　　　Respondent. | Case No. 2:23-05221 MRA (ADS)<br><br>ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (Dkt. No. 1), Respondent's Answer (Dkt. No. 11), Petitioner's Reply (Dkt. No. 19), the Report and Recommendation of the United States Magistrate Judge (Dkt. No. 22), Petitioner's Objections to the Report and Recommendation (Dkt. No. 25), and all the records and files herein.  The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections were made.

The Report recommends denial of the Petition and dismissal of this action with prejudice. (Dkt. No. 22.) Petitioner's objections to the Report (Dkt. No. 25) do not warrant a change to the Report's findings or recommendations.

Petitioner requests the appointment of counsel. (Dkt. No. 25 at 2.) "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (*per curiam*). Because Petitioner does not satisfy either requirement, his request is denied.

Petitioner objects that, for Ground One, the statute of limitations ran before the prosecution began. (Dkt. No. 25 at 3-4.) As the Report found, this claim involves only an alleged error of state law regarding the statute of limitations, which is not cognizable in federal habeas proceedings. (Dkt. No. 22 at 17-18.)

Petitioner objects that, for Ground Two, the trial court's failure to instruct the jury regarding the statute of limitations was reversible error. (Dkt. No. 25 at 4.) As the Report found, the statute of limitations was not a factual matter at trial. (Dkt. No. 22 at 23.)

Petitioner objects that, for Ground Four, the trial court's failure to instruct the jury on the definition of "securities" infringed Petitioner's Sixth Amendment right to have all factual issues resolved by the jury. (Dkt. No. 25 at 4.) As the Report found, the trial court did instruct the jury on the definition of securities. (Dkt. No. 22 at 27.) It was not objectively unreasonable for the California Court of Appeal to determine that the definition was properly derived from *SEC v. W.J. Howey, Co.*, 328 U.S. 293 (1946), and that Petitioner failed to show entitlement to additional clarifying instructions. (*Id.*)

1    Petitioner objects that, for Ground Five, the California Court of Appeal erred in
2  finding no prejudice from instructional error in two counts of fraud in the sale of
3  securities. (Dkt. No. 25 at 4-5.) As the Report found, it was not objectively
4  unreasonable for the California Court of Appeal to determine that the instructional
5  error, involving the failure to instruct on mens rea for the counts involving victims Soto
6  and Ford, was harmless beyond a reasonable doubt. (Dkt. No. 22 at 32-33.) The
7  evidence indisputably showed that, based on email exchanges from 2012, Petitioner
8  made knowingly false statements to Ford and Soto when he sold them securities in 2013
9  and 2014. (*Id.*)

10    Petitioner objects that, for Ground Three, there was insufficient evidence to prove
11  the notes tendered to investors were securities. (Dkt. No. 25 at 5.) As the Report found,
12  it was not objectively unreasonable for the California Court of Appeal to determine that
13  overwhelming evidence showed the notes were investment contracts and therefore
14  securities. (Dkt. No. 22 at 38.)

15    Petitioner objects that, for Ground Six, the evidence was insufficient to support
16  Petitioner's conviction for grand theft by embezzlement. (Dkt. No. 25 at 5.) As the
17  Report found, it was not objectively unreasonable for the California Court of Appeal to
18  determine that the evidence showed Petitioner converted the investors' property for his
19  own benefit and that he had an intent to deprive the owners of its use. (Dkt. No. 22 at
20  43.) A rational jury could infer Petitioner was redirecting the funds for his own
21  unauthorized use and benefit based on all the evidence that was presented. (*Id.*)

22    Petitioner objects that, for Grounds Seven and Eight, the trial court judge was
23  biased and Petitioner suffered from cumulative error. (Dkt. No. 25 at 6.) As the Report
24  found, it was not objectively unreasonable for the California Court of Appeal to

determine that Petitioner failed to show judicial bias or cumulative error. (Dkt. No. 22 at 45-47.) Mere disagreement with the trial court's rulings failed to establish judicial bias, and there was no error of constitutional magnitude to support a finding of cumulative error. (*Id.*)

The Court overrules the objections and accepts the findings and recommendations of the Magistrate Judge.

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation is accepted (Dkt. No. 22);
2. The Petition is denied and this action is dismissed with prejudice (Dkt. No. 1);
3. The Certificate of Appealability is denied; and
4. Judgment is to be entered accordingly.

DATED: January 31, 2025

_____
THE HONORABLE MONICA RAMÍREZ ALMADANI
United States District Judge